IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES EDWARDS
ADC #112333                                                                   PLAINTIFF

v.                              Case No. 3:10-cv-287-DPM

JOHN BRANDY, Mississippi
County Public Defender; JANE
DOE, Assistant to John Brandy;
and HAWK, Owner of Hawk
Pawn Shop & Supply                                                           DEFENDANTS

ORDER

James Edwards filed this *pro se* section 1983 action alleging that in September 2010, during state court proceedings, Defendant Brandy and his assistant directed Edwards to sign a paper that waived his rights to appeal. Edwards states that he did not understand what he signed and asks that the document be overturned. The statutory screening, 28 U.S.C.A. § 1915A (West 2006), reveals defects.

A *pro se* plaintiff's allegations must be construed liberally. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (*per curiam*). The Court must also weigh all factual allegations in Edwards's favor, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). But whether a plaintiff has counsel or appears *pro se*, his complaint must allege specific facts sufficient to state a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Edwards must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A section 1983 violation occurs when a person acting under color of law deprives another person of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C.A. § 1983 (West 2003). Edwards fails to establish state action on the part of his court-appointed public defenders, Brandy and Brandy's assistant. A public defender does not act under color of state law when representing a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Hawk, the owner of Hawk Pawn Shop & Supply, is not a state actor, and the complaint alleges no action under color of state law. Therefore, no § 1983 claim exists on the pleaded facts. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

The Court dismisses Edwards's complaint with prejudice. This dismissal counts as a "strike" for purposes of 28 U.S.C.A. § 1915(g) (West 2006). The Court further certifies that an *in forma pauperis* appeal from this

Order would not be taken in good faith. 28 U.S.C.A. § 1915(a)(3) (West 2006).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_13 June 2011_